**QUING HUANG a/k/a Qing Huang, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–5509–ag.

United States Court of Appeals, Second Circuit.

Jan. 17, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Angela Scott, Assistant United States Attorney, (Randy G. Massey, Acting United States Attorney, on the brief), United States Attorney's Office for the Southern District of Illinois, Fairview Heights, IL, for Respondent.

PRESENT: RALPH K. WINTER,
JOSÉ A. CABRANES, Circuit Judges,
EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

Petitioner Qing Huang, a native and citizen of the People's Republic of China ("China"), seeks review of an order of the BIA summarily affirming an order of Immigration Judge ("IJ") Joanna M. Bukszpan that denied petitioner's application for asylum, withholding of removal pursuant to the Immigration and Nationality Act of 1952, and relief under the Convention Against Torture ("CAT"),[2] and ordered her removed to China as an inadmissible alien. *In re Quing Huang*, No. A 77 977 320 (B.I.A. Sept. 28, 2005), *aff'g* No. A 77 077 320 (Immig. Ct. N.Y. City July 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). We will vacate the IJ's decision and remand for reconsideration if the IJ failed to apply the law correctly or if its findings are not supported by record evidence. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 337 (2d Cir.2006).

■ Petitioner first argues that, in finding no nexus between her "political opinion" and her alleged fear of persecution arising from interactions with local authorities in China, the IJ ignored or mischaracterized petitioner's claim that she fears persecution for "trying to show the corruption of the Chinese government." We disagree and think the IJ satisfactorily considered the nature of, and response to, the complaints made by petitioner to local officials regarding (1) her denial of admission to high school and (2) an assault, more than three years later, by the classmate who she alleges took her rightful spot. Although this Court has held that in some circumstances opposition to government corruption may rise to the level of "an

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

2. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16(c) (regulations implementing the CAT).

expression of political belief," *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 547 (2d Cir.2005), the record here does not compel a reasonable adjudicator to find that petitioner's two, long-separated, private attempts at redress "mounted a challenge to the legitimacy and authority of the ruling regime itself" or that the government regarded them as such, *id.; cf. id.* at 546–49 (remanding where petitioner argued that his resistance to extortion "became political when he decided to marshal support from similarly afflicted business owners and to attempt to publicize and criticize endemic corruption beyond his own case," after which he was detained and beaten).

■ Petitioner then argues that the IJ erred in determining that she had not established a well-founded fear of persecution based on her practice of Falun Gong, which she began after arriving in the United States. The IJ did not make an adverse credibility determination as to whether petitioner is a *bona fide* practitioner of Falun Gong. Rather, the IJ found that petitioner's fear was "conjectural" because "she could practice in her house if she wished and there would be no reason for her to be outside practicing except to flaunt it before the China authorities, whom she says she fears." However, the IJ provided no support for the conclusion that Falun Gong practitioners who practice at home are free from government scrutiny or exempt from government measures designed to discourage the practice of Falun Gong. Indeed, the Amnesty International report submitted to the IJ by petitioner could be read to suggest that government officials are concerned with preventing the mere private practice of Falun Gong by rank-and-file adherents:

> Throughout China, local government authorities have … been carrying out "study and education" programmes to purge their provinces of Falun Gong practice. This can take the form of reading newspapers and listening to radio programmes, as well as having office cadres visit villagers and farmers at home to explain "in simple terms the harm of Falun Gong to them". "Study and education" can also be a euphemism for detention for "re-education". Numerous reports indicate that the authorities have used detention, fines, threats and other means to "persuade" followers to renounce their Falun Gong beliefs and practices. Joint App. 161–62.

Insofar as the IJ's conclusion regarding the ability of Falun Gong adherents to practice safely in their own homes lacks record support, *see Ivanishvili,* 433 F.3d at 337, we vacate so much of the agency's decision as relies on this conclusion, and we remand for a reasoned consideration—based on whatever country background evidence is appropriate under the circumstances—of whether petitioner is entitled to asylum, withholding of removal, or CAT relief on the ground that she began practicing Falun Gong in the United States.

For the foregoing reasons, the petition for review is **DENIED** in part and **GRANTED** in part, the decision of the BIA is **VACATED** insofar as the petition is granted, and the case is **REMANDED** for further proceedings consistent with this decision.

Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.